Green, J.
delivered the opinion of the court.
The defendant was convicted of horse stealing, in the Criminal Court of Davidson county, and appealed in error to this court. There are two counts in the indictment, the first of which alleges that the horse stolen was the property of Robert Booth; and the second count alleges the horse to have been the property of John.K- Edmondson.
The only ground of defence is, whether the horse was taken out of the possession of Booth or Edmondson, so as to constitute larceny. The defendant had been hired by Ed-mondson to work by the month. After having remained about a week, the defendant and one of Edmondson’s servants caught a horse in the field, and put him in Edmond-son’s stable, where he was found next morning. Edmond-son directed him to be fed and watered. The horse remained in Edmondson’s stable during the day, and on the next night was taken clandestinely and rode off and' sold by the defendant for twenty dollars, the horse being worth seventy-five dollars. Edmondson had' directed his servants that if horses got into his field, to put'them in the stable.
The horse belonged to Booth and had got away from him *331 and had jumped into Edmondson’s field. It is insisted for the defendant, that the horse was lost to Booth, and that while he was in Edmondson’s stable he was not in the possession of Edmondson, but was in the possession of defendant, who had taken him from the field and placed him in the stable.
1. There is no pretence that the horse, while at Edmond-son’s, was in possession of the defendant. He had been hired to work by the month for Edmondson, and while there at work, he and one of the servants, took the horse in the field and put him in the stable. In taking the horse he acted not for himself, but as the servant of Edmondson. Such possession as was acquired by this transaction, was the possession of Edmondson.
2. But Edmondson’s possession was in the nature of a bailment. He held the horse for the owner. The horse was not taken as an estray; but having got into the field, he was, according to Edmondson’s order, placed in the stable to prevent the destruction of the corn in the field. But he did not by this means cease to be in the constructive possession of Booth, the owner. It would be monstrous if after a man’s horse shall have gotten loose from the place he had been left by the owner, a thief may take him and appropriate him to •his own use with impunity, on the ground the owner did not at the time know where the horse was, and therefore that the taking was not larceny. It is not necessary to the possession of property, that the owner shall always know where it is. And if a horse break away from the owner and be running at large for days, it could not be said he was lost, so as to be out of his constructive possession of the owner, provided he was still in pursuit of the horse and had been unable to take him. We are therefore of opinion that the property was well laid in Booth, the owner; and also in Edmond-son the temporary possessor — so that the general finding of the jury on both counts of the indictment is well sustained by the proof. Affirm the judgment.